# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN BUTLER,<br><br>    Petitioner,<br><br>    v.<br><br>DEBBIE ASUNCION,<br><br>    Respondent. | Case No. 1:17-cv-01557-SAB-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO MAIL PETITIONER BLANK HABEAS FORMS |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that challenges his 2014 Kings County conviction in case number 14CM7106HTA. (ECF No. 1; ECF No. 1-1).

## I.

## BACKGROUND

Petitioner filed an application for authorization to file a second or successive § 2254 habeas petition with the United States Court of Appeals for the Ninth Circuit. (ECF No. 1). On November 21, 2017, the Ninth Circuit ordered that the application be processed as a § 2254 habeas petition deemed filed on January 26, 2017, and transferred the matter to this Court. In the order, the Ninth Circuit "express[ed] no opinion as to the merits of the applicant's claims or whether the procedural requirements of 28 U.S.C. § 2244(d) and 2254 are satisfied." (ECF No. 1-1 at 1).[1]

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### A. Leave to Amend Petition to Sign Under Penalty of Perjury

Rule 2(c)(5) of the Rules Governing Section 2254 Cases states that the habeas petition must "be signed under penalty of perjury by the petitioner." Although Petitioner signed the proof of service, Petitioner did not sign the petition or supplement. (ECF No. 1 at 4–7). Accordingly, the Court will grant Petitioner the opportunity to file an amended petition. Petitioner must sign the amended petition under penalty of perjury.

### B. Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, it is unclear whether Petitioner raised his claims before the California Supreme Court. If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented all of his claims to the California Supreme Court and failed to indicate this to the Court. Thus, in the amended petition, Petitioner is advised to inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the

claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is GRANTED **THIRTY (30) days** from the date of service of this order in which to file an amended petition that is signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner blank § 2254 habeas forms.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **November 29, 2017**

UNITED STATES MAGISTRATE JUDGE