# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERWIN BUTLER,<br><br>    Petitioner,<br><br>v.<br><br>DEBBIE ASUNCION,<br><br>    Respondent. | Case No. 1:17-cv-01557-SAB-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 11) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 6, 9, 10).

## I.

## BACKGROUND

On June 30, 2014, Petitioner pleaded guilty in the Kings County Superior Court to three counts of indecent exposure. He was sentenced to an imprisonment term of twenty years.[1] (LD[2] 1). Petitioner did not appeal the sentence or file any state post-conviction collateral challenges to his convictions or sentence. (ECF No. 11 at 1).[3]

---

[1] The sentence included fourteen years for Petitioner's prior uncompleted sentence for his 2005 battery by a prisoner and assault with a deadly weapon convictions.

[2] "LD" refers to the document lodged by Respondent on March 2, 2018. (ECF No. 12).

[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

Petitioner filed an application for authorization to file a second or successive § 2254 habeas petition with the United States Court of Appeals for the Ninth Circuit. (ECF No. 1). On November 21, 2017, the Ninth Circuit ordered that the application be processed as a § 2254 habeas petition deemed filed on January 26, 2017, and transferred the matter to this Court. In the order, the Ninth Circuit "express[ed] no opinion as to the merits of the applicant's claims or whether the procedural requirements of 28 U.S.C. § 2244(d) and 2254 are satisfied." (ECF No. 1-1 at 1).

On November 29, 2017, this Court granted Petitioner leave to file an amended petition that was signed under penalty of perjury. (ECF No. 4). On December 22, 2017, the Court received Petitioner's first amended petition. (ECF No. 7). On March 1, 2018, Respondent filed the instant motion to dismiss the petition as untimely and unexhausted. (ECF No. 11).

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. AEDPA imposes various requirements on petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, Petitioner was sentenced on June 30, 2014, and did not appeal. Therefore, the judgment became final when Petitioner's time for seeking review expired on August 29, 2014, sixty days after Petitioner was sentenced. See Cal. R. Ct. 8.308. The one-year limitation period commenced running the following day, August 30, 2014, and absent tolling, was set to expire on August 31, 2015.[4] See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Here, however, Petitioner did not file any state post-conviction collateral challenges to his convictions or sentence.

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. However, Petitioner has not made any showing that he is entitled to equitable tolling. Indeed, Petitioner failed to oppose this motion to dismiss in any way.

---

[4] August 29, 2015 fell on a Saturday. Accordingly, the limitation period continued to run until the next business day. See Fed. R. Civ. P. 6(a)(1)(C).

3

Almost two years and five months elapsed between the date Petitioner's state conviction became final (August 29, 2014) and the date Petitioner filed the instant federal habeas petition (January 26, 2017). As set forth above, Petitioner is not entitled to statutory or equitable tolling. Accordingly, the instant federal petition was not timely filed, and dismissal is warranted on this ground.

**B. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, Petitioner has not filed a petition for review or any post-conviction collateral actions in the California Supreme Court. If Petitioner has not sought relief in the California Supreme Court, this Court cannot proceed to the merits of Petitioner's claim. 28 U.S.C. § 2254(b)(1). Therefore, the instant federal petition is unexhausted, and dismissal is warranted on this ground.

**C. Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another

district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

///

///

///

///

///

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The amended petition for writ of habeas corpus is DISMISSED as untimely and unexhausted;
2. The Clerk of Court is DIRECTED to CLOSE the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **May 2, 2018**

_____
UNITED STATES MAGISTRATE JUDGE